# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:16-cr-080 |
| v. | : |
| | : Judge Thomas M. Rose |
| NELSON CASTELLANOS LOMELI, | : |
| Defendant. | : |

### ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. NO. 26)

This case is before the Court on the Emergency Application for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. No. 26) (the "Motion"), filed by Nelson Castellanos Lomeli ("Castellanos"). Castellanos is currently incarcerated at Butner FCI [Federal Correctional Institute] in North Carolina. Through the Motion, he asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him "compassionate release under 18 U.S.C. 3582(c)(1)(A) based on the extraordinary and compelling reasons presented by the COVID-19 pandemic" and he asks the Court to "reduce [his] sentence of imprisonment to time served." (Doc. No. 30 at PageID 88.) For the reasons discussed below, the Court **DENIES** Castellanos's Motion.

**I.     BACKGROUND**

On May 26, 2016, the United States of America (the "Government") filed a two-count Indictment against Castellanos in this case. (Doc. No. 14.) The Indictment charged Castellanos with violating 8 U.S.C. §§ 1326(a) and (b)(2): re-entry of a previously removed alien found in the United States subsequent to an aggravated felony. (*Id*.) The Indictment also charged Castellanos

1

with violating 21 U.S.C. §§ 841 (a)(1) and (b)(1)(B)(ii): possession with intent to distribute 500 grams or more of a mixture containing a detectable amount of cocaine, a Schedule II controlled substance. (*Id.*)

On July 25, 2016, pursuant to a plea agreement, Castellanos pleaded guilty to one of the offenses charged in the Indictment: possession with intent to distribute 500 grams or more of a mixture containing a detectable amount of cocaine, a Schedule II controlled substance (in violation of 21 U.S.C. 8 §§ 841 (a)(1) and (b)(1)(B)(ii)). (*See* Doc. No. 20.) The Statement of Facts attached to the Plea Agreement, signed by Castellanos and his attorney, states:

> On or about March 23, 2016, NELSON CASTELLANOS-LOMELI knowingly and intentionally possessed with intent to distribute a controlled substance in the Dayton, OH area.
>
> More precisely, on the above date, the Ohio State Highway Patrol ("OSHP") stopped a vehicle on Interstate 675 in Montgomery County, Ohio. The vehicle was being drive by **Nelson** CASTELLANOS Lomeli who initially identified himself by providing a document purporting to be a "Licensia de Conducir" (driver's license) from Honduras in the name of "Elmer David Bu Lazo." An on-scene OSHP narcotics detection canine conducted a free air sniff of the vehicle and alerted, indicating that the canine detected narcotics in the vehicle. Troopers conducted a search of the vehicle and found two packages of a white substance concealed under a trunk liner in the trunk of the vehicle. After the Troopers took CASTELLANOS back to Miami Township Police Department, CASTELLANOS admitted his true name. In addition, FBI Special Agent Robert Buzzard, entered CASTELLANOS' fingerprints into a biometric scanner which confirmed the identity of CASTELLANOS.
>
> The suspected drugs were submitted to the Miami Valley Regional Crime Laboratory and confirmed to be a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. The weight of the cocaine was approximately 503 grams. CASTELLANOS intended to distribute all of the cocaine for personal profit.

(Doc. No. 20 at PageID 50 (emphasis in original).)

The Final Presentence Investigation Report ("PSI") regarding Castellanos provided additional information about the circumstances of the offense. (PSI ¶¶ 1-13.) The PSI indicated that Castellanos had demonstrated acceptance of responsibility for the offense. (*Id.* at ¶ 32.) The

PSI also provided additional information regarding Castellanos's 2005 conviction for conspiracy to possess with intent to distribute cocaine. (*Id.* at ¶ 36.) In that earlier case, Castellanos was sentenced to 32 months of imprisonment. (*Id.*) The earlier case stemmed from an undercover operation for a controlled purchase where an individual obtained cocaine from Castellanos; subsequent to Castellanos' arrest, officers recovered large quantitates of cocaine totaling 988.97 grams. (*Id.*) Castellanos was released from incarceration on February 27, 2007, and upon his release, he was placed in the custody of Immigration and Customs Enforcement ("ICE") and was ultimately deported on October 9, 2007. (*Id.*) On October 30, 2009, a warrant was issued by the U.S. District Court for the Western District of Texas for an alleged violation of the terms of his supervised release by committing a federal, state, or local crime. (*Id.*) Specifically, Castellanos was arrested and charged with sexual assault in Travis County, Texas on September 17, 2009. (*Id.* ¶ 41.) In addition to the supervised release warrant, Castellanos also has a warrant for bail jumping and failure to appear for the sexual assault charge. (*Id.*) Both warrants remain active. (*Id.*)

At sentencing in this case, the Court imposed a 60-month term of incarceration, four years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 24.) Castellanos is currently 49 years old and has an anticipated release date of January 13, 2023. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited June 3, 2022).) Castellanos indicates in the Motion that he has already served "more than the majority" of his sentence in custody. (Doc. No. 30 at PageID 99.) Castellanos also indicates that there is an ICE detainer in effect for his detainment after release because he is not a U.S. citizen. (*Id.* at PageID 89.)

Castellanos requested that the Bureau of Prisons ("BOP"), via the warden at Butner FCI, seek compassionate release on his behalf. (Doc. No. 30-1 at PageID 101.) That request was denied

3

on November 6, 2020. (*Id.*) Castellanos then requested an administrative remedy, which was denied on February 12, 2021. (Doc. No. 30-2 at PageID 102.) Castellanos subsequently filed the pending Motion on July 26, 2021. (Doc. No. 26.) Castellanos's appointed counsel filed a supplemental memorandum in support of the Motion on August 16, 2021. (Doc. No. 30.) On January 29, 2022, Castellanos's counsel filed a Supplement, attaching various medical records in support of the Motion. (Doc. No. 34.) The Government then filed a Response to the Motion (Doc. No. 35) (the "Response"), in which the Government opposes the relief sought in the Motion. The matter is ripe for review and decision.[1]

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, the Government does not contest exhaustion, so the Court proceeds with the understanding that Castellanos can move for compassionate release on his own behalf. (*See also* Doc. No. 30-1 at PageID 101; Doc. No. 30-2 at PageID 102.)

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[3] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect

---

age and years in prison." *Ruffin*, 978 F.3d at 1003.

[3] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a). Among the variety of items that courts specifically have considered in the context of motions for compassionate release are the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, the defendant's background, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, sentencing disparities between defendants (nationally and also among co-defendants) with similar records who are convicted of similar conduct, conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable (or known to the court) in all cases, and other items may be applicable. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great

6

weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted).

B. <u>Application</u>

Castellanos asks that the Court grant the Motion and "reduce [his] sentence of imprisonment to time served." (Doc. No. 30 at PageID 88.) In the Motion, Castellanos asserts that he "suffers from several chronic health problems that make him especially vulnerable to the COVID-19 virus," including "pancreatic cancer for which he has had surgery to remove his pancreas and portions of intestine." (Doc. No. 26 at PageID 74.) He asserts that, "[r]egardless of vaccinations, his chronic health problems, cancer medications, and compromised immune system, place him at a heightened risk in the cramped living conditions at LSCI Butner." (Doc. No. 26 at PageID 77.) However, he acknowledges that "his medical conditions are currently under control." (Doc. No. 30 at PageID 90.) Castellanos argues that the COVID-19 virus "poses a severe threat of death to individuals like [him], with underlying health problems" and, because he "has served more than the majority of his prison time" and "has successfully completed programs, been an inmate in good standing, and has contributed to the prison and his fellow inmates as a worker," his sentence should be reduced to time served. (*Id.* at PageID 99-100.) He also asserts that he "is at low risk to recidivate, especially when considering his severe and chronic health problems, and he does not pose a danger to the community." (Doc. No. 26 at PageID 77.) Among other things, Castellanos also indicates that he has a release plan (which includes a support system to help him with his medical and health care), that he has maintained an exemplary prison record, and that he has maintained employment and completed educational programs while incarcerated. (Doc. No. 26 at PageID 76; Doc. No. 30 at PageID 91-92.)

In response, the Government argues that Castellanos's reduced sentence should be denied because he has not demonstrated that release is warranted under § 3582(c)(1)(A). (*See* Doc. No.

7

35.) The Government asserts that the BOP has made extensive changes to its operations in response to the COVID-19 pandemic, including offering vaccines to all willing inmates and staff. (*Id*. at PageID 147-49.) The Government also asserts that the nature and circumstances of Castellanos's crimes, as well as his history and characteristics, pose a clear danger to the community. (*Id*. at PageID 154.)

1. Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

The Court now turns to Castellanos's request for compassionate release through reducing his term of imprisonment pursuant to Section 3582(c)(1)(A). (*See* Doc. No. 26 at PageID 73.) Regarding the first requirement, for the purposes of the Court's analysis, the Court will assume—without deciding—that Castellanos has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment.[4] Regarding the second requirement, given that Castellanos (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Regarding the third requirement, the Court has considered the parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Castellanos's history and characteristics, such as his asserted behavior in prison, rehabilitation efforts, and educational or vocational training while incarcerated. *See* 18 U.S.C. § 3553(a)(1). The Court acknowledges that Castellanos accepted responsibility for his actions. The Court also acknowledges the challenging conditions at Butner FCI during the

---

[4] The Court emphasizes it has not actually found that any circumstance (separately or combined) alleged by Castellanos qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

current COVID-19 pandemic and Castellanos's health issues. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Castellanos is currently incarcerated involved relatively large amounts of cocaine, and the Statement of Facts attached to the Plea Agreement indicates Castellanos's intent to distribute the cocaine for personal profit. (Doc. No. 20 at PageID 50.) Cocaine is a dangerous controlled substance, and drug trafficking in general is a danger to the community. *United States v. Homedes*, No. 5:22-cr-00033-KKC-MAS, 2022 U.S. Dist. LEXIS 48409, at *15 (E.D. Ky. Mar. 18, 2022) ("[t]he alleged offenses, by their nature, involve possession with intent to distribute and conspiracy to distribute cocaine, a dangerous controlled substance"); *United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008) ("[s]ociety as a whole is the victim when illegal drugs are being distributed in its communities"). This weighs strongly against warranting a sentence reduction. *United States v. Jenkins*, No. 16-cr-20229, 2020 U.S. Dist. LEXIS 146660, at *19 (E.D. Mich. Aug. 14, 2020) (noting that early release for trafficking of cocaine would "improperly minimize the serious nature of Defendant's offense.")

Additionally, Castellanos has a criminal history that includes a prior conviction involving trafficking cocaine. (PSI ¶¶ 36, 41.) Castellanos also has two active warrants, for a supervised release violation and for a pending sexual assault charge. (*Id*.) All of this greatly concerns the

9

Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted. Thus, even if the first two requirements are met, the Court finds that consideration of the applicable Section 3553(a) factors do not support granting the reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *Wright*, 991 F.3d at 720 (affirming denial of compassionate release motion despite defendant's "recent remorse, health problems, and rehabilitative efforts" where it "found that other considerations—such as his criminal history and disciplinary violations—outweighed these factors").

### III. <u>CONCLUSION</u>

Although the Court recognizes Castellanos's asserted medical ailments, commends his apparent efforts to better himself while incarcerated (*see, e.g.*, Doc. No. 30 at PageID 91-92), and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the

10

reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 26).[5]

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 27, 2022.[6]

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[5] The Court considers both Document Number 30 and Document Number 34 to be supplemental memoranda in support of the Motion, but to the extent that either or both constitute a separate motion, they are also denied.

[6] The Court acknowledges the valuable contribution and assistance of judicial extern Elise Marrinan in drafting this order.